IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PABLO PAZ, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. H-09-2804 |
| | § | |
| LIFE TIME FITNESS, INC., *et al.*, | § § | |
| Defendants. | § | |

**ORDER**

This is a personal injury suit brought by parents individually and on behalf of their minor daughter. The child was injured in June 2008 while attending a summer day camp at a Lifetime Fitness facility in Sugarland, Texas. The plaintiffs sued Lifetime Fitness in state court and Lifetime removed to federal court on the basis of diversity jurisdiction. Lifetime Fitness filed third-party complaints against Gall Construction of America, Ltd. and Acapulco Pools, seeking contribution and indemnity for negligent construction of the pool, failure to properly train Lifetime Fitness, and failure to warn Lifetime Fitness of potential problems with the pool.

Acapulco Pools is a Canadian company. Acapulco has moved under Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction, (Docket Entry No. 33), attaching an affidavit from its vice president, Cindy McGough (*id.*, Ex. A). Lifetime Fitness moved for a continuance to conduct additional discovery as to whether this court has personal jurisdiction over Lifetime Fitness. Acapulco Pools had not responded to this motion.

When a nonresident defendant challenges *in personam* jurisdiction, the plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction. *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "The court may determine the jurisdictional issue by

receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted). "'[A] plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case,' but must make 'a prima facie showing with some competent evidence demonstrating that personal jurisdiction might exist over a defendant in order to be entitled to jurisdictional discovery.'" *United Galvanizing Inc. v. Imperial Zinc Corp.*, Civ. A. No. H-08-1551, 2008 WL 4746334, at *11 (S.D. Tex. Oct. 27, 2008) (quoting *Andersen v. Sportmart*, 179 F.R.D. 236, 241 (N.D. Ind.1998)).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant, and the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Panda*, 253 F.3d at 867. Texas's long-arm statute extends to the full limits of due process, collapsing the inquiry into the single question of whether personal jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment. TEX. CIV. PRAC. & REM. CODE § 17.042(2); *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424–25 (5th Cir. 2005).

The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and the exercise of jurisdiction over that defendant would be fair and reasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (citing *Nuovo Pigone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

Lifetime Fitness has made a *prima facie* showing that personal jurisdiction might exist. *United Galvanizing*, 2008 WL 4746334, at *11.  Acapulco Pools's website lists numerous pool projects completed in Texas, including the design and engineering of Lifetime Fitness pools in Houston.  The construction plans for the Sugarland Lifetime Fitness's indoor and outdoor pools bear Acapulco Pools's logo and contain an address and contact number for a Canadian support center.  Jurisdictional discovery is appropriate.

Lifetime Fitness's motion for a continuance, (Docket Entry No. 34) is granted.  Lifetime Fitness has ninety days to conduct discovery on this court's personal jurisdiction over Acapulco Pools and to respond to the motion to dismiss.  The response is due by **September 12, 2011**.

SIGNED on June 13, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge