IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PABLO PAZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-2804 |
| | § | |
| LIFE TIME FITNESS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This is a personal injury suit brought by parents individually and on behalf of their minor daughter. The child was injured in June 2008 while attending a summer day camp at a Life Time Fitness facility in Sugarland, Texas. The plaintiffs sued Life Time in state court and Life Time removed to federal court on the basis of diversity jurisdiction. Life Time filed third-party complaints against Gall Construction of America, Ltd. and Acapulco Pools, seeking contribution and indemnity for negligent construction of the pool, failure to properly train Life Time, and failure to warn Life Time of potential problems with the pool.

In April 2011, Acapulco moved under Federal Rule of Civil Procedure 12(b)(2) to dismiss the third-party complaint for lack of personal jurisdiction. (Docket Entry No. 33.) In response, Life Time moved for a 90-day continuance to conduct jurisdictional discovery. (Docket Entry No. 34.) This court granted Life Time's motion and extended the deadline to respond to the motion to dismiss until September 12, 2011. (Docket Entry No. 35.) On September 12, 2011 Life Time filed an unopposed motion to extend the continuance. (Docket Entry No. 38.) The motion to extend stated that "Life Time Fitness and Third-Party Defendant Gall Construction . . . have been engaging in discovery regarding the case, and negotiations regarding the dismissal of Acapulco . . . from the

case. The parties are currently working on an agreement to allow Acapulco Pools to be dismissed from the case, but have not been able to finalize the agreement." (*Id.* at 2.) This court entered an amended scheduling order granting the motion to extend the continuance and setting January 13, 2012 as the deadline. (Docket Entry No. 39, at 1.)

Since January 13, 2012, Life Time has neither responded to Acapulco's motion to dismiss nor moved to dismiss Acapulco from this case. By **February 29, 2012** the parties must update the court on the status of their negotiations to dismiss Acapulco. If the parties are still finalizing an agreement to dismiss Acapulco, the parties must inform the court if they object to this court entering an order denying Acapulco's motion to dismiss as moot based on the impending agreement. Of course, the denial would be without prejudice to Acapulco reurging its motion if no agreement is reached.

SIGNED on February 22, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge